(Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __INDIANA__

UNITED STATES OF AMERICA  
V.  

JERMONE BARNES

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:06 CR 130 and 2:07 CR 154

USM Number: 09028-027

Stephen E. Scheele  
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   Counts 1 and 2 of the Indictment in 2:06 CR 130, and Count 5 of the Indictment in 2:07 CR 154

☐ pleaded nolo contendere to count(s) _____  
which was accepted by the court.

☐ was found guilty on count(s) _____  
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2113(a) and 2113(d) | Armed Bank Robbery | | 1 of 2:06cr130 |
| 18:924 ( c ) | Use of a Firearm in Furtherance of a Violent Crime | | 2 of 2:06cr130 |
| 18:2113(a), 18:2113(d) and 18:2113(g) | Armed Credit Union Robbery | | 5 of 2:07cr154 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   Three in the indictment 2:07cr154   X is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 21, 2008  
Date of Imposition of Judgment

/s/ Rudy Lozano  
Signature of Judge

Honorable Rudy Lozano, United States District Court Judge  
Name and Title of Judge

February 22, 2008  
Date

DEFENDANT: JERMONE BARNES
CASE NUMBER: 2:06 CR 130 and 2:07 CR 154

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Thirty-seven Months for each of Count 1 (of 2:06 CR 130) and Count 5 (of 2:07 CR 154), to be served concurrently, and a term of Eighty-four Months for Count 2 (of 2:06 CR 130) to be served consecutively, for a total imprisonment of 121 Months.

X   The court makes the following recommendations to the Bureau of Prisons:

That the defendant be allowed to participate in an intensified drug treatment program.
That the defendant be placed in a facility as close as possible to the Chicagoland area.
That the defendant be given credit for time served.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JERMONE BARNES
CASE NUMBER: 2:06 CR 130 and 2:07 CR 154

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Five Years on each of the counts to be served concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

DEFENDANT: JERMONE BARNES
CASE NUMBER: 2:06 CR 130 and 2:07 CR 154

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a General Equivalency Degree (GED) preparation course and obtain his GED within the first year of supervision.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall participate in a drug aftercare treatment program under a co-payment plan, which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer.

The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.

While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

The defendant shall notify the United States Attorney's Office for this district within 30 days of any change in mailing or residence that occurs while any portion of the restitution remains unpaid.

DEFENDANT:        JERMONE BARNES
CASE NUMBER:      2:06 CR 130 and 2:07 CR 154

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 300.00 | $ | $ 50,667.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320 for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| Chase Bank        |                 | $7,905.00               |                            |
| Keystone Bank     |                 | $9,999.00               |                            |
| Allegis Credit Union |              | $32,763.00              |                            |
| **TOTALS**        | $               | $ 50,667.00             |                            |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JERMONE BARNES
CASE NUMBER: 2:06 CR 130 and 2:07 CR 154

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $ __50,967.00__ due immediately, balance due

  ☐ not later than _____, or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The restitution shall be paid in full immediately. If the defendant cannot pay restitution in full, then it shall be paid at a minimum rate of $25.00 per quarterly while the defendant is imprisoned. Commencing 30 days after placement on supervised release the defendant shall pay a minimum rate of $200 per month until said amount is paid in full.

The defendant shall make restitution payments from any wages earned in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Jennifer Hasek  Docket No. 2:06 CR 130-3
Marvin Harris   Docket No. 2:06 CR 130-1 and Docket No. 1:07 CR 00007-3 in the Western District of Michigan
Eddie Mills     Docket No. 1:07 CR 00007-1 in the Western District of Michigan
Deandre Smith   Docket No. 1:07 CR 00007-4 in the Western District of Michigan
Rodney Allen    Docket No. 1:07 CR 00007-5 in the Western District of Michigan

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.